AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case                                   (NOTE: Identify Changes with Asterisks (*))
          Sheet 1

# UNITED STATES DISTRICT COURT
### District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **SECOND**<br>**AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| EDWARD STAIN | Case Number:  2:02-cr-201-LRH-LRL<br>USM Number:  38058-048 |

**Date of Original Judgment:** __6/19/08__
( Date of Last Amended Judgment)

Mario C. Valencia
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

**(X)** Direct Motion to District Court Pursuant (X) 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7) Per Order[328] dated **8/28/12**.

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
        which was accepted by the court.

(X)  was found guilty on count(s) 2 through 6 of the Third Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1951 | Interference with Commerce by Threats or Violence | 03/23/02 | 2 |
| 18 U.S.C. 924(c)(1)(A) &(c)(1)(A)(ii) | Possession of a Firearm During and in Relation to a crime of Violence | 03/23/02 | 3 |
| 18 U.S.C. 2113(a) & 2113(d) | Armed Bank Robbery | 04/08/02 | 4 |
| 18 U.S.C. 924(c)(1)(A) (c)(1)(A)(ii) | Possession of a Firearm During and in Relation to a Crime of Violence | 04/08/02 | 5 |
| 18 U.S.C. 1951 | Interference with Commerce by Threats or Violence | 12/23/02 | 6 |
| 18 U.S.C. 2 | Aiding and Abetting | | 2 through 6 |

The defendant is sentenced as provided in pages 2 through 5__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

(X) The conviction on Count 1 (Conspiracy) is reversed by the 9th Circuit Court of Appeals by Memorandum dated April 1, 2008.

        It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

FILED        RECEIVED
ENTERED        SERVED ON
      COUNSEL/PARTIES OF RECORD

AUG 3 0 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

8/28/12
Date of Imposition of Judgment

_Signature of Judge_

 Larry R. Hicks, U.S. District Judge
Name and Title of Judge

8/29/12
Date

AO 245C  (Rev 06/05) Amended Judgment in a Criminal Case
    Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | EDWARD STAIN | Judgment - Page _2_ |
| CASE NUMBER: | 2:02-cr-201-LRH(LRL) | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Five Hundred Thirty Five (535) months, as follows:

Count 2: one hundred fifty-one (151) months, concurrent with sentence imposed in Counts 4 and 6;
Count 3: eighty-four (84) months, consecutive to sentence imposed in Counts 2, 4 and 6;
Count 4: one hundred fifty-one (151) months, concurrent with sentence imposed in Counts 2 and 6;;
Count 5: three hundred (300) months, consecutive to sentence imposed in Counts 2, 3, 4 and 6;
Count 6: one hundred fifty-one (151) months, concurrent with sentence imposed in Counts 2 and 4.

( ✓ )   The court makes the following recommendations to the Bureau of Prisons:
       Incarceration FCI Terminal Island or such other facility as may be available in Oregon.

( ✓ )   The defendant is remanded to the custody of the United States Marshal.

( )   The defendant shall surrender to the United States Marshal for this district:
     ( )   at _____ a.m./p.m. on _____
     ( )   as notified by the United States Marshal.

( )   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     ( )   before 2 p.m. on _____
     ( )   as notified by the United States Marshal.
     ( )   as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                   _____

                                   UNITED STATES MARSHAL

                          BY:   _____
                                      Deputy United States Marshal

AO 245C  (Rev 06/65) Amended Judgment in a Criminal Case
  Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT:    EDWARD STAIN | Judgment - Page __3__ |
| CASE NUMBER:    2:02-cr-201-LRH(LRL) | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>Count 2: 3 years;</u> <u>Count 3: 3 years; Count 4, 5 years; Count 5: 5 years; Count 6: 3 years, all concurrent.</u>

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

( )  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

(√)  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

(√)  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

( )  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

( )  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case
  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | EDWARD STAIN | Judgment - Page __4__ |
| CASE NUMBER: | 2:02-cr-201-LRH(LRL) | |

## SPECIAL CONDITIONS OF SUPERVISION

1.  Possession of Weapon - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2.  Warrantless Search - The defendant shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of release.

3.  Substance Abuse Treatment - The defendant shall participate in and complete a substance abuse treatment program, which may include drug testing, out-patient counseling, or residential placement, as approved and directed by the probation officer. The defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based upon his ability to pay.

4.  Access to Financial Information - The defendant shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest.

5   Restitution Obligation - The defendant shall make restitution in the amount of SIXTY FIVE THOUSAND ONE HUNDRED NINETY-TWO and 80/100ths DOLLARS ($65,192.80), pursuant to a payment schedule to be determined by the probation officer.

AO 245C  (Rev 06/05) Amended Judgment in a Criminal Case
   . Sheet 5 - Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | EDWARD STAIN | Judgment - Page  5 |
| CASE NUMBER: | 2:02-cr-201-LRH(LRL) | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | **$500.00 <br> Due and payable immediately. | $WAIVED | $65,192.80 |

(  )   On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

(  )   The determination of restitution is deferred until _____.  An Amended Judgment in a Criminal Case
     (AO 245C) will be entered after such determination.

(  )   The defendant shall make restitution (including community restitution) to the following payees in the amount
     listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment,
     unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18
     U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court <br> Attn: Financial Officer <br> Case No. 2:02-cr-201-LRH(LRL) <br> 333 Las Vegas Boulevard, South <br> Las Vegas, NV   89101 | | | |
| TOTALS         : | $65,192.80 | $65,192.80 | |

Restitution amount ordered pursuant to plea agreement:  $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full
before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6
may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     the interest requirement is waived for the:  (  ) fine  (  ) restitution.
     the interest requirement for the:  (  ) fine  (  ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses
committed on or after September 13, 1994 but before April 23, 1996.