UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:02-cr-00201-LRH-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| EDWARD STAIN, | |
| Defendant. | |

Before the Court is Defendant Edward Stain's ("Stain") motion for an order reducing sentence or modifying judgment under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 420). The government filed an opposition (ECF No. 421), to which Stain replied (ECF No. 422). Stain also provided the Court a supplement to his original motion following the Ninth Circuit's very recent decision in *United States v. Aruda*, __ F.3d __, No. 20-10245, 2021 WL 1307884 (9th Cir. Apr. 8, 2021) (ECF No. 423).

For the reasons contained in this Order, the Court denies the motion.

**I.    BACKGROUND**

In 2002, Stain planned and executed three armed robberies around the Las Vegas area. After a jury convicted him, this Court sentenced Stain to a total term of 535 months' imprisonment. ECF No. 234. Of relevance to this Order, the majority of Stain's sentence is comprised of two consecutive, mandatory sentences—seven years and twenty-five years—relating to two counts under 18 U.S.C. § 924(c) (Possession of a Firearm and During and in Relation to a Crime of

Violence). ECF No. 275. Stain appealed, and the Ninth Circuit affirmed his sentence. ECF No. 272. In 2016, Stain filed a § 2255 motion, which this Court denied and is currently being appealed before the Ninth Circuit. ECF Nos. 397, 404, 405.[1] Stain now seeks to separately modify his sentence because of statutory changes related to § 924(c). ECF No. 420.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The Court finds that Stain has exhausted the administrative remedies available.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

---

[1] Notwithstanding the pending appeal, the Court will exercise its discretion and will still consider Stain's present motion.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

The Court, in ruling upon a motion for reducing sentence or modifying judgment, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## II. DISCUSSION

At Stain's original sentencing date, § 924(c) required a seven-year sentence for the first conviction, and a twenty-five-year consecutive sentence for each subsequent § 924(c) conviction. Stain's second § 924(c) count was considered a "subsequent" conviction, and thus the Court sentenced Stain to a mandated thirty-two years (seven and twenty-five) of consecutive imprisonment in addition to his non-§ 924(c) sentences. This totaled 535 months.

In 2018, Congress passed the First Step Act, which amended § 924(c).[2] Specifically, it provided that the twenty-five-year consecutive sentence for a second § 924(c) offense only applies to a defendant who has had a § 924(c) conviction from another case. Meaning, an individual charged and convicted with two, simultaneous § 924(c) counts today would face fourteen years (seven and seven) instead of thirty-two years (seven and twenty-five). Thus, Stain, if sentenced today, would face 319 months imprisonment instead of 535 months after including his non-§ 924(c) sentences in the calculation. The Act did not make this change retroactively applicable. Still, Stain maintains that this change in law, and the disparate sentencing outcomes, constitute an extraordinary and compelling circumstance warranting a reduction in his sentence.

///

---

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

3

The Court finds, in this case, that a nonretroactive change in law does not amount to an extraordinary and compelling reason for a sentence modification. *See United States v. Andrews*, No. 3:93-CR-75-HDM, 2020 WL 7714708, at *3 (D. Nev. Dec. 29, 2020) (finding the same). The Court is informed by the Sentencing Commission's lack of guidance as to whether the length of a previously imposed sentence constitutes an extraordinary or compelling reason warranting a release. The Sentencing Commission's agreed upon extraordinary and compelling reasons, listed in § 1B1.13, do not include nonretroactive changes in sentencing laws. And while the Court is not bound to the Sentencing Commission's guidance, *see United States v. Aruda*, __ F.3d __, No. 20-10245, 2021 WL 1307884 (9th Cir. Apr. 8, 2021), the Court still finds it significant that the Sentencing Commission does not list post-sentencing changes in law as an extraordinary and compelling reason warranting a reduction in a sentence. *See United States v. Saldana,* 807 Fed. App'x 816, 820 (10th Cir. 2020) ("[N]either the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction.") The Court is wary of identifying and expanding what constitutes an "extraordinary" circumstance. Therefore, the Court, in its discretion, finds that extraordinary and compelling reasons do not exist in this case.

Moreover, even if the Court were to consider a post-sentencing change in law as an extraordinary and compelling reason warranting a reduction in a sentence, the section 3553(a) factors outweigh modification. Stain's crimes were serious. Armed robbery, in addition to the potential of serious bodily injury or death, can cause lasting emotional stress and psychological damage through assault and property destruction. As such, the Court is concerned that a reduction of sentence would present a danger to the community.

Therefore, because Stain has not presented extraordinary and compelling reasons warranting a modified sentence, and the 3353(a) factors do not warrant modification, the Court will deny his motion. The Court finds that Stain should serve the full sentence imposed against him to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment for his offenses committed.

///

### III. CONCLUSION

IT IS THEREFORE ORDERED that Stain's motion for order reducing sentence or modifying judgment (ECF No. 420) is **DENIED**.

IT IS SO ORDERED.

DATED this 13th day of May, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE